# THE HANNIS DISTILLING COMPANY *v.* GEORGE W. TORREY COMPANY.

TRADEMARKS; AMENDMENT; ABANDONMENT.

1. The Commissioner of Patents properly overrules a motion, by the opposer of an application for registration of a trademark, for leave to amend his notice of opposition after the expiration of the thirty days allowed by statute for filing the notice, so as to carry back the date of the opposer's alleged use of the mark to a period prior to that stated in the notice of opposition.

2. The question of whether a mark is registerable is not before the court on an appeal from a decision of the Commissioner of Patents dismissing a notice of opposition on the ground of prior use by the opposer.

3. Where it appears that, prior to the passage by a State of a law temporarily restricting, but not prohibiting, the sale of intoxicating liquors within the State, an applicant for registration of a trademark had acquired a property right in the mark, and during the life of such statute the applicant was engaged in the manufacture of whisky in the State, and was engaged in interstate business, it cannot properly be said that during such period he abandoned the use of the mark so as to prevent its future registration.

No. 551. Patent Appeals. Submitted January 14, 1909. Decided February 2, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to a registration of a trademark.                                    *Affirmed.*

The facts are stated in the opinion.

*Mr. William Nevarre Cromwell* for the appellant.

*Messrs. Swain, Carpenter, & Nay* and *Mr. James Hamilton* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This case is brought here by appellant, the Hannis Distilling Company, from a decision of the Commissioner of Patents dismissing its notice of opposition to the registration by appellee, George W. Torrey Company, of the words "Torrey's Old Mt. Vernon Rye, 24 So. Market St., Boston, Established 1826," as a trademark for whisky. The notice of opposition alleges that appellant has used the words "Mount Vernon" as a trademark for whisky continuously since 1860.

Subsequent to the filing of this notice, a motion was made, asking leave to amend the notice of opposition by carrying the date of use back to 1857. The motion also sought to amend the notice by adding the following grounds:

"12. That if at any time prior to 1855 the applicant or its predecessors had ever applied the words "Mount Vernon" to whisky, they abandoned and discontinued the application of those words to whisky in the year 1855, and never resumed the use of such words in application to whisky until more than twenty years subsequently.

"13. That during the years 1855 and 1875, both inclusive, the applicant's predecessors were not engaged in manufacturing or dealing on spirituous liquors of any kind."

This motion was denied by the Examiner of Interferences, and his action was affirmed by the Commissioner. This point is assigned as error. It appears that the motion was made after the testimony had been taken, and after the thirty days allowed by statute for filing a notice of opposition had expired. We think the Examiner of Interferences properly denied the motion upon the following statement: "If the amendment does not contain matter constituting new grounds of opposition, no advantage can result to the opponent from its admission, and the amendment should be denied; if it does set out new grounds of opposition, it is brought too late, and cannot be allowed."

The sole question before us is one of priority of use. Were the question of the registerability of this mark before us, we would find no difficulty in speedily terminating this controversy.

On the question of priority of use, we think the evidence clearly establishes the use by appellee and its predecessor in business as early as 1847 or 1848. The Examiner of Interferences found that appellee had used the mark in question as early as 1847. The Commissioner disagreed with this finding, but found that the evidence established such use as early as 1852. It is unnecessary for us to consider the evidence relating to these dates, as either date establishes a use long prior to the use of the words "Mount Vernon" by the appellant.

It is contended, however, that appellee abandoned the use of its mark for twenty years, between 1855 and 1875. On this point the Commissioner held as follows: "It appears that from 1855 to 1875 restrictions were placed on the sale of intoxicating liquors in Massachusetts, in view of which it is contended that, under the law existing during this period, applicant had no right to sell liquors, and that applicant is therefore not entitled to a date of adoption and use prior to 1875. The ground upon which appellant bases this contention is not clearly stated, but as far as can be understood it is that, as applicant could not lawfully use the mark during the years 1855–1875, it became abandoned. It appears to me, however, that applicant acquired a property right in the mark prior to the passage of the act restricting the sale of liquors, and that, even if the law required the suspension of the use of the mark during this period, such enforced suspension did not take away such property right. But even if it be assumed, as a matter of law, that a nonuser of the mark for the period stated, under a law prohibiting the sale of the product to which it was applied, would amount to an abandonment, it would not be decisive in the present case, because it has not been satisfactorily shown that applicant did not make lawful sales within the state, as the law did not prohibit all sales; and in any event no reason is seen why the use of the mark in lawful commerce with citizens of other states would not be sufficient to save applicant's rights."

We fully agree with the Commissioner on the proposition that, if appellee had acquired a right to the use of this mark prior to 1855, which we find to be fully established by the evi-

dence, that right could not be lost by any enforced restriction that might have been placed temporarily upon the sale of liquors in the State of Massachusetts. On the other hand, it clearly appears that appellee was engaged in interstate trade, and there was nothing in the restricting act to prevent it from manufacturing whisky bearing this mark in the State of Massachusetts, and disposing of it in other States. Either of the above reasons is sufficient to dispose of the question of abandonment. We have carefully examined the record and the evidence as disclosed on behalf of both appellant and appellee, and find no reason to disturb the conclusion reached by both of the tribunals of the Patent Office.

The decision of the Commissioner is therefore affirmed, and the clerk is directed to certify these proceedings, as by law required.                                                      *Affirmed.*